UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50015-02-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION |
| | ) | FOR INTERRUPTION OF |
| vs. | ) | SENTENCE |
| | ) | |
| ARLAND CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Arland Clark filed a motion for an interruption of his sentence. (Docket 358). Mr. Clark seeks a court order to interrupt his sentence of imprisonment from September 29, 2012, through October 1, 2012, to allow him to attend the wedding of his only daughter at Spearfish, South Dakota. Id. The government opposed the motion. (Docket 359).

On January 31, 2012, the court sentenced Mr. Clark to a term of imprisonment of 60 months for his convictions of the offenses of conspiracy, 18 U.S.C. § 371, wire fraud, 18 U.S.C. § 1343, and attempt to evade or defeat tax, 26 U.S.C. § 7201. (Docket 351) (each sentence to be served concurrently). Mr. Clark is presently incarcerated at the federal prison camp at Yankton, South Dakota. (Docket 358). Mr. Clark has been granted furloughs on different occasions to attend medical appointments. Id.

The court's authority to modify a prison sentence is set forth in 18 U.S.C. § 3582. That statute specifically prohibits the court from modifying a term of imprisonment, except in limited circumstances which

are not applicable to Mr. Clark's request.  The Bureau of Prisons ("BOP") has specific authority to allow prisoner furloughs.  18 U.S.C. § 3622.  Those conditions allowing furlough are likewise very specific and do not appear to apply to Mr. Clark's situation.  Mr. Clark's motion is not an appeal from BOP's exercise of its authority under § 3622.

"18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts." United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996) (unpublished table decision). "Congress has given the BOP–not the courts–the authority to temporarily release a federal prisoner. . . . If the BOP acquiesces to a prisoner's request for a temporary release, then a federal court presumably could order such a release without usurping the authority that Congress has given to the BOP. . . ." Bania v. Federal Bureau of Prisons, Civil No. 10-2212 SRN/FLN, 2011 WL 882096 at *4 (D. Minn. Feb. 24, 2011) (citing 18 U.S.C. § 3622(a)), (report and recommendation adopted, 2011 WL 883222 (D. Minn. Mar. 11, 2011)).  Without guidance from the United States Court of Appeals for the Eighth Circuit regarding a request of this nature, the court concludes "it does not have jurisdiction to grant a temporary interruption of sentence and that power remains exclusively with the Bureau of Prisons." United States v. Reed, No. 01-CR-20062, 2008 WL 4822045 (C.D. Ill. Oct. 28, 2008).  See also United States v. Greer, No. 03-CR-194, 2010 WL 3279335 at *1 (E.D. Wis. Aug. 19, 2010) ("Under 18 U.S.C. § 3622(a), the BOP may release a

prisoner for specified purposes, including to visit dying relatives or attend funerals, but nothing in that statute appears to confer similar power on the sentencing court.") (referencing Reed, 2008 WL 4822045, at *3) (citing Premachandra, 78 F.3d 589; Clay v. LaManna, 2008 WL 4680579 (D.S.C. Oct. 21, 2008)).

Alternatively, if the court does have jurisdiction, the court denies defendant's motion. A defendant's "[a]bsence from family affairs is one of the ordinary incidents of incarceration, and defendant has not demonstrated the propriety of an interruption of sentence under these circumstances." Greer, 03-CR-194, 2010 WL 3279335 at *1. No good cause appearing, it is hereby

ORDERED that defendant's motion (Docket 358) is denied.

Dated September 20, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE